Bergara v. Chafin                                                                    Doc. 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MARJIL LEE BERGARA**, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:07CV00061 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **A. BENTON CHAFIN, JR.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Marjil Lee Bergara, Pro Se Plaintiff.*

Plaintiff Marjil Lee Bergara, a federal inmate, purports to bring this civil action under 42 U.S.C.A. § 1983 (West 2003), with jurisdiction vested under 28 U.S.C.A. § 1343 (West 2006). In his Complaint, Bergara alleges that the attorney appointed by the court to represent him in a federal criminal prosecution provided ineffective assistance in various ways. He seeks declaratory, compensatory, and punitive relief, and a jury trial.

Because Bergara is complaining of a federal, rather than a state or local criminal prosecution, I will construe his complaint as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under § 1983. Bergara also asserts that he is bringing state tort claims against the defendant. Upon consideration of the Complaint, I find that the federal claims

dockets.Justia.com

should be summarily dismissed, pursuant to 28 U.S.C.A. §1915A(b)(1) (West 2006), for failure to state a claim upon which relief can be granted.[1] The state law claims will be dismissed without prejudice pursuant to 28 U.S.C.A. § 1367(c)(3) (West 2006).

I

Bergara was charged in an eleven-count superceding indictment in this court with committing various but related types of fraud. Pursuant to a written plea agreement, Bergara pleaded guilty to Count Seven, which alleged that he had engaged in money laundering while on pretrial release, in violation of 18 U.S.C.A. §§ 1957 and 3147 (West 2000 & Supp. 2006). The other counts against Bergara were dismissed. The plea agreement stipulated that because Bergara committed the offense while on pretrial release, he was subject to a maximum sentence of 240 months imprisonment and a fine of $250,000.[2] The agreement also stipulated that Bergara would receive several sentence enhancements, including one for the amount of loss,

---

[1] A complaint filed by an inmate may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[2] The Bail Reform Act provides that "[a] person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to . . . a term of imprisonment of not more than ten years if the offense is a felony," consecutive to any other sentence. 18 U.S.C.A. § 3147 (West 2000).

one for obstruction of justice, and one for money laundering, and that the government would argue for an upward departure, based on his criminal history. Also through the agreement, Bergara waived his right to appeal and his right to collaterally attack his conviction or sentence pursuant to 28 U.S.C.A. § 2255 (West 2006), and agreed to forfeit property and pay restitution. All of these factors were reviewed with Bergara in open court during the plea hearing.

In his Complaint, Bergara asserts that his court-appointed attorney gave him deficient advice about pleading guilty, threatening that if the case went to trial on the full indictment, Bergara would be subject to sentences totaling 200 years in prison. Bergara claims that he pleaded guilty believing that Count Seven carried a maximum sentence of ten years imprisonment, pursuant to 18 U.S.C.A. § 1343. Bergara faults counsel for failing to object at sentencing or within seven days thereafter to the 240-month sentence imposed and alleges that counsel was also negligent during the subsequent appeal proceedings. Finally, Bergara claims that defendant's conduct has caused him "loss of liberty and the pursuit of happiness" because Bergara is "elderly" and suffers from cardiac problems and other illnesses.

II

In *Bivens*, the Supreme Court recognized that federal courts have authority to award monetary damages to persons who prove deprivation of constitutional rights caused by the conduct of federal officials acting under color of federal law. 403 U.S. at 392. An attorney appointed to represent a criminal defendant in federal court proceedings is not subject to suit under *Bivens*. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (finding that defense counsel acting on behalf of state criminal defendant does not act under color of state law and so is not a "person" under § 1983)). The Supreme Court has expressly held that a defense attorney appointed by a state court does not act "on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.' This is essentially a private function . . . for which state office and authority are not needed." *Polk County*, 454 U.S. at 318-19 (footnotes omitted). By the same reasoning, federal defense counsel does not act on behalf of the federal government in the course of his representation of the defendant and is not subject to suit under *Bivens* for actions taken during that representation. *Cox*, 685 F.2d at 1099.

Moreover, claims for damages for a wrongful conviction caused by another's allegedly unconstitutional conduct do not accrue until a court or other appropriate entity has invalidated the conviction which resulted from the allegedly wrongful

conduct. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Although the civil action involved in the *Heck* case arose under § 1983 against state officials, the rationale in *Heck* applies with equal force in *Bivens* actions. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

Under these principles, Bergara clearly has no actionable *Bivens* claim against the defendant. Because counsel was not acting on behalf of the federal government in his representation of Bergara, he cannot be subject to suit under *Bivens* for his actions taken during the course of that representation. In addition, pursuant to the principles in *Heck*, any claims under *Bivens* based on actions that allegedly contributed to Bergara's wrongful conviction have not yet accrued. If he could prove his allegations that counsel erred in failing to object to an unlawful sentence, such proof would necessarily invalidate the criminal judgment. Thus, any claim based on such alleged conduct will not accrue until Bergara's conviction has first been invalidated by an appropriate court or other entity. The record shows that the criminal judgment against Bergara still stands.

III

For these reasons, I find that Bergara's claims under federal law must be summarily dismissed pursuant to § 1915A(b)(1) for failure to state an actionable claim. Because the federal claims must be dismssed, I decline to exercise supplemental jurisdiction over Bergara's state law claims, pursuant to § 1367(c)(3), and will dismiss them without prejudice.

A separate Final Order will be entered herewith.

DATED: February 20, 2007

/s/ JAMES P. JONES
Chief United States District Judge